■ ERIC R. JOHNSON, Appellant, v CHASE MANHATTAN BANK USA, N.A., et al., Respondents. [786 NYS2d 302]—

Order, Supreme Court, New York County (Herman Cahn, J.), entered March 3, 2004, which, inter alia, granted defendants' motion to dismiss pursuant to CPLR 3211 (a) (1) and denied plaintiff's cross motion to permanently stay arbitration, unanimously affirmed, with costs.

Plaintiff credit card holder's claims that his credit card payments were improperly applied by defendant credit card issuer to reduce his lower interest indebtedness before being applied to reduce his higher interest indebtedness, are arbitrable under the governing arbitration agreement. That agreement expressly accords the broadest possible meaning to the term "claim" and explicitly provides that "the term 'Claims' includes claims that arose in the past, or arise in the present or the future." Thus, we reject plaintiff's contention that claims such as his, respecting balances satisfied at the time of the arbitration agreement, are not subject to arbitration. Nor does it avail plaintiff to rely on New York's Retail Installment Sales Act (Personal Property Law § 413). Even if that provision were applicable notwithstanding the governing contract's provision that Delaware law would control in disputes respecting card transactions, and purported to shield claims such as plaintiff's from arbitration, it would be preempted by the Federal Arbitration Act (9 USC § 2). Under that statute, the claims at bar are indisputably arbitrable, and the statute "preclude[s] States from singling out arbitration provisions for suspect status" (*see Doctor's Assoc., Inc. v Casarotto*, 517 US 681, 687 [1996]; *see also Gerling Global Reins. Corp. v Home Ins. Co.*, 302 AD2d 118, 125 [2002], *lv denied* 99 NY2d 511 [2003]).

We have considered plaintiff's remaining contentions and find them unavailing as well. Concur—Tom, J.P., Andrias, Sullivan, Williams and Gonzalez, JJ.